ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JUSTIN R. RHOADES (Cal. Bar No. 230463)
CHRISTINA T. SHAY (Cal. Bar No. 264528)
Assistant United States Attorneys
Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephones:  (213) 894-3380/0757
     Facsimiles:  (213) 894-3713
     E-mails:     justin.rhoades@usdoj.gov
                  christina.shay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-295-R |
|---|---|
| Plaintiff, | <u>ORDER DENYING DEFENDANT AURORA BARRERA'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL; OFFICIAL FINDINGS THERETO</u> |
| v. | |
| AURORA BARRERA, | |
| Defendant. | |

   Having heard from plaintiff, the United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, and defendant Aurora Barrera, by and through her counsel of record, Anthony Eaglin, at a hearing held before this Court on May 5, 2014, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

///

///

1.   The Court has read and considered defendant Aurora Barrera's ("defendant") Motion for Judgment of Acquittal or New Trial (Docket #155, the "Motion"), the government's opposition to the Motion, defendant's reply thereto, and the related exhibits.

2.   On May 5, 2014, this Court held a hearing on the Motion. Defendant appeared in person with her counsel of record.  After hearing argument from the parties, the Court denied defendant's Motion.

3.   Federal Rule of Criminal Procedure 29 provides that the Court must enter a judgment of acquittal for any offense for which the evidence is insufficient to sustain a conviction.  Such a motion should be granted only if no rational trier of fact could find beyond a reasonable doubt that the defendant is the person who committed the charged crime.  The Government is entitled to all reasonable inferences that can be drawn from the evidence.  <u>United States v. Alexander</u>, 48 F.3d 1477 (9th Cir. 1995).

4.   The evidence submitted at trial included, among other things:

   a.   Testimony from co-conspirators Richard Menchaca ("Menchaca") and Bryan Perez ("Perez") that co-defendant Reyes Vega's ("Vega") girlfriend, who worked at the bank, would be in on the robbery.  Menchaca identified the girlfriend as "Aurora."

   b.   Phone records showing that defendant and Vega communicated in the early morning before the robbery and that Vega was in the vicinity of defendant's apartment at that time.

   c.   Trial testimony from Menchaca and Perez that there was never any plan to have two black males involved in the robbery, contrary to defendant's story to law enforcement.

1              d.   Testimony from defendant's co-worker, who was present
2    at the bank on the morning of the robbery, regarding defendant's
3    demeanor, which was inconsistent with what would be expected of a
4    person who had been kidnapped.
5              e.   Photographs of a fake bomb, which showed the
6    electrical tape had been neatly severed, which undercut defendant's
7    claim that she ripped the tape with her hands.
8              f.   Phone records and surveillance video showing that Vega
9    met up with Menchaca and Perez following the robbery, which
10   corroborates testimony from Menchaca and Perez and gives further
11   credibility to the remainder of that testimony.
12        5.   The motion for judgment of acquittal is denied because the
13   evidence is sufficient to allow a rational jury to find defendant
14   guilty beyond a reasonable doubt.
15        6.   With respect to the motion for new trial, Federal Rule of
16   Criminal Procedure 33(a) provides that the Court may vacate any
17   judgment and grant a new trial if the interest of justice so
18   requires.
19        7.   First, defendant contends the exclusion of the 911 tape
20   from evidence mandates a new trial.  The Court disagrees.  If the
21   purpose of the tape was to corroborate the facts of her story, it
22   would be inadmissible hearsay.  The excited utterance exception
23   applies to a statement relating to a startling event or condition
24   made under the declarant was under the stress of excitement that is
25   caused.  Fed. R. Evid. 803(2).
26        8.   When a hearsay statement is offered under this exception
27   the trial court must make a preliminary factual determination that
28   the declarant was so excited or distraught at the moment of the

3

utterance that she did not have an opportunity to reflect on what she was saying.  <u>United States v. McLennan</u>, 563 F.2d 943 (9th Cir. 1977).

9.  Such a factual determination was not warranted in this instance.  Defendant sought to admit the 911 tape after the Government had rested its case.  At that point, there was sufficient evidence before the Court that defendant was involved in the robbery scheme and, as a result, was not under the stress of excitement or any startling event.  The 911 tape was not an excited utterance.

10.  The 911 tape would not be hearsay if its purpose was to show that defendant was distraught because it would not be offered for the truth of the matter asserted.  With respect to this purpose, the 911 tape was properly excluded as needlessly cumulative evidence under the Federal Rules of Evidence 403.  The jury had already heard substantial evidence concerning defendant's emotional state on the morning of the robbery, including the testimony of Sergeant Acevedo, to the testimony of her co-worker, and, defendant's own testimony.

11.  Second, defendant asserts that a new trial is required because she and Vega presented antagonistic defenses.  Antagonism between defenses is not enough, even if the co-defendants seek to blame one another, which they did not do in this case.  As a matter of fact, it appeared that the defendant was protecting Vega from conviction, even in spite of the evidence against him.  Rather, it must be shown that the defenses are antagonistic to the point of being mutually exclusive.  <u>United States v. Ramirez</u>, 710 F.2d 535 (9th Cir. 1983).

12.  Defendant's defense at trial was that she was kidnapped by two black men and forced to put on what she thought as a real bomb and take the money from the bank.  She never sought to establish that

4

Vega directed these men.  And she did not seek to establish or argue that Vega was behind the robbery.  Vega's defense at trial was that he was not involved in planning or committing the robbery.  The jury could have believed both that Vega had nothing to do with the robbery and that defendant was kidnapped.  These defenses are therefore not mutually exclusive and antagonistic.  There was no error in having a joint trial.

    13.  Finally, defendant asserts that a new trial is required because there was insufficient evidence to sustain the conviction. This argument is without merit for the same reason that the judgment of acquittal is not justified.

IT IS HEREBY ORDERED that defendant Aurora Barrera's Motion for Judgment of Acquittal or New Trial is denied.

IT IS SO ORDERED.

May 28, 2014
DATE

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE